Bradley D. Pack, SBA #023973
**Engelman Berger, P.C.**
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

Ph: (602) 271-9090
Fax: (602) 222-4999
Email: bdp@eblawyers.com

Proposed Co-counsel for Debtor
Skyline Ridge, LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>SKYLINE RIDGE, LLC, an Arizona limited liability company<br><br>Debtor. | Chapter 11<br><br>Case No.: 4:18-bk-01908-BMW |

**DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ENGELMAN BERGER, P.C. AS CO-COUNSEL FOR THE DEBTOR; AND BANRUPTCY RULE 2014(a) AND 2016 STATEMENTS**

Skyline Ridge, LLC, an Arizona limited liability company, the above-captioned debtor and debtor in possession ("Debtor"), by and through undersigned counsel, pursuant to Bankruptcy Code §327 and Bankruptcy Rules 2014 and 2016, hereby applies for the entry of an order authorizing the Debtor to retain and employ the law firm of Engelman Berger, P.C. ("EB") as co-bankruptcy counsel, effective as of April 22, 2019 (the date Debtor returned its signed engagement agreement to EB). This Application also requests approval of the agreement of Debtor's current counsel of record, Michael Baldwin PLC ("Baldwin"), to subordinate payment of its allowed fees and costs to payment of the first $50,000 of allowed fees and costs awarded to EB.

This Application is supported by the following Memorandum of Points and Authorities, the "Verified Statement of Bradley D. Pack In Support of Debtors' Application to Employ Engelman Berger, P.C." filed concurrently herewith ("Verified Statement") and the papers and pleadings on file, all of which are incorporated herein by this reference.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS AND PROCEDURAL HISTORY.

### A. Parties and Jurisdiction.

1. The Debtor is a real estate developer, which owns several properties in southern Arizona.

2. On March 1, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11, United States Code (the "Bankruptcy Code").

3. No trustee, examiner, or official committee of unsecured creditors has been appointed to date.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(a) and 157(a). This is a "core" matter pursuant to 28 U.S.C. §157(b)(2)(A).

5. The statutory basis for the relief requested herein are Bankruptcy Code § 327(a) and Federal Rule of Bankruptcy Procedure ("Rule") 2014.

### B. The Status of the Debtor's Bankruptcy Case and the Need for Co-counsel.

6. Shortly after the Petition Date, the Debtor made application to the Court for employment and retention of its bankruptcy counsel, Baldwin, which application was granted by Order at DE 98.

7. Baldwin continues to represent the Debtor as its general bankruptcy counsel, and the Debtor's case is progressing through the Chapter 11 process.

8. The Debtor filed its Chapter 11 Plan of Reorganization on June 29, 2018 at DE 114 ("Plan"), and its Chapter 11 Disclosure Statement on July 12, 2018 at DE 118.

9. Creditor Cinco Solados LLc ("Cinco") has filed its own Disclosure Statement (DE 161) and completing Plan of Reorganization (DE 163) (the "Cinco Plan").

10. Both the Debtor's Plan and the Cinco Plan have been amended and/or modified, respectively, and are subject to objections filed by various creditors.

11. Additionally, Cinco has alleged that certain ballots confirming the Debtor's Plan were procured in bad faith, and the Court has set an evidentiary hearing on

Cinco's *Motion to Designate Pursuant to 11 U.S.C. § 1126(e) Ballots of Fotinos Properties, LLC and Rallis Group* for May 30, 2019, with a status hearing on this matter set for May 15, 2019.

12. As to the competing plans, the Court has set an evidentiary hearing on confirmation of the Debtor's Plan and confirmation of the Cinco Plan for June 18 and 19, 2019, with a status hearing set for June 5, 2019.

13. At this time, the Debtor needs EB's assistance for representation relating to the Plan and other aspects of the administration of Debtor's bankruptcy case, including revising or amending the Plan to include, in a single document, all non-adverse modifications filed to date; handling cash collateral, priority financing, general administrative matters, or other contested matters which may be filed in connection with the Debtor's bankruptcy case; assisting the Debtor in connection with any proceedings for the confirmation of the Plan or competing plans of reorganization or liquidation; and assisting the Debtor in connection with any post-confirmation proceedings.

14. While EB would work in close collaboration with Baldwin, it will make every reasonable effort to ensure that its work is not duplicative of any services provided by Baldwin.

## II. RELIEF REQUESTED.

15. Through this Application, the Debtor seeks to employ and retain EB as as its bankruptcy co-counsel, and respectfully requests that the Court enter an order under Bankruptcy Code § 327(a) authorizing the Debtor to retain and employ EB as its co-counsel, per the compensation structure discussed below, following appropriate notice.

16. The Debtor submits that EB is qualified to serve as co-counsel to the Debtor based upon its expertise in business reorganization and bankruptcy proceedings and other aspects of legal work pertinent to the Debtor's reorganization efforts.

## III. COMPENSATION.

17. Subject to the Court's authorization of employment of EB, it is agreed

that EB will charge for its professional services at its normal hourly rates for like matters of each involved partner, associate and paralegal, and that EB will be reimbursed for its costs incurred in representing the Debtor. The Debtor has entered into an engagement agreement with EB dated April 19, 2019 and executed and delivered on April 22, 2019. A true and correct copy of the engagement agreement is attached hereto as **Exhibit "A."**

18. The engagement agreement provide in pertinent part that:

   a. EB will not receive a retainer.

   b. EB will be paid at the following rates:

   | $325/hr.-$475/hr. | Shareholders |
   | $220/hr.-$350/hr. | Associate Attorneys |
   | $175/hr.-$185/hr. | Paralegals |

   c. All out-of-pocket costs and expenses will be reimbursed by the Debtor. These charges include, without limitation, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

19. The engagement agreement between the Debtor and EB also sets forth certain conditions to representation.

   a. Baldwin has agreed to subordinate payment of its fees and costs as approved by the Bankruptcy Court pursuant to 11 U.S.C. §§ 330 or 331 to payment of the first $50,000 of EB's fees and expenses in this matter approved by the Bankruptcy Court pursuant to 11 U.S.C. §§ 330 or 331. In the event the estate lacks sufficient funds to pay the balance of EB's allowed fees and costs over $50,000 (the "EB Balance") plus Baldwin's allowed fees and costs (the "Baldwin Fees"), then the EB Balance and the Baldwin Fees shall be paid on a *pro rata* basis. Baldwin's consent to such subordination is evidenced by its execution of this Application.

   b. In relation thereto, the Debtor submits that, to the best of its knowledge, information and belief, there are or will be no other substantial administrative claims in the Debtor's case, and there are no secured creditors holding a lien on the funds in the Debtor's

debtor-in-possession bank account, which will be used to pay Court-approved fees and costs.

20. EB's fees are based in part on EB's customary hourly rates, which are periodically adjusted in accordance with EB's standard policies. These rates are subject to periodic increases in the normal course of EB's business, often due to the increased experience of a particular professional and changes in local conditions in the market for comparable legal services.

21. EB will provide the Debtor with periodic (no less than monthly) invoices for services rendered and disbursements incurred. During the course of the bankruptcy case, the issuance of periodic invoices will constitute requests for interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of the case. Interim and final payments are to be made on account of such invoices only in accordance with the orders of this Court.

22. EB intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of Arizona, the U.S. Trustee's Guidelines, and orders of the Court.

23. No other arrangement is proposed between the Debtor and EB for compensation to be paid in relation to the Debtor's bankruptcy case.

24. The Debtor submits that the fee arrangement with EB described above is reasonable in light of industry practice, prevailing market rates, EB's experience in bankruptcy proceedings in this Court, and the scope of the work to be performed pursuant to Debtor's retention of EB.

## IV. DISINTERESTEDNESS.

25. EB has reviewed the Debtor's list of creditors and has performed an internal conflicts check. To the best of EB's knowledge, information and belief, it has no conflict of interest that would preclude it from representing the Debtor as its co-counsel.

26. EB is a "disinterested person" as defined in 11 U.S.C. §§ 101(14) and

327. Other than EB's relationship with Baldwin disclosed herein and in the Verified Statement, neither EB, nor any of the attorneys employed by it, represent or hold an interest adverse the interest of Debtor, its estate, its creditors, or any other party-in-interest, or its attorneys or accountants with respect to the matters upon which EB has been engaged.

27. EB does not have an interest adverse to the Debtor or the bankruptcy estate. EB is not a creditor of the estate and is not owed any funds by the Debtor.

## V. CONCLUSION.

For the foregoing reasons, the Debtors respectfully request that the Court enter the attached order (a) granting this Application; (b) authorizing the employment of the law firm of Engelman Berger, P.C. as bankruptcy counsel for the Debtors, effective as of the Petition Date; and (c) granting such other relief as the Court deems appropriate.

**DATED** this 25th day of April, 2019.

**ENGELMAN BERGER, P.C.**

By */s/ Bradley D. Pack, SBA #023973*
Bradley D. Pack
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012
Email: bdp@eblawyers.com
*Proposed Co-counsel for the Debtor*

The law firm of Michael Baldwin PLC ("Baldwin") hereby consents to the subordination of its approved fees and costs incurred in this matter to the approved fees and costs of Engelman Berger, P.C. on the terms set forth in Section 19 above.

**DATED** this 25th day of April, 2019.

**MICHAEL BALDWIN PLC**

By */s/ Michael Baldwin (with permission)*
Michael Baldwin
12080 E. 8th Street
Tucson, AZ 85748
Email: michaelbaldwin12625@gmail.com
*Counsel for the Debtor*

**COPY** of the foregoing e-mailed this 25th day of April, 2019, by the Court's ECF System to all Counsel of record in this bankruptcy case

**COURTESY COPIES** of the foregoing e-mailed this 25th day of April, 2019, to:

Jennifer A. Giaimo
Office of the U.S. Trustee
Email: Jennifer.a.giaimo@usdoj.gov

Robert M. Charles, Jr.
Email: rcharles@lrrc.com
*Attorneys for Cinco Soldados LLC*

**COPIES** of the foregoing mailed this 25th day of April, 2019, to:

All Parties listed on the Debtor's List of Creditors as filed with the Court

/s/ Paul A. Manley